JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**   County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:    ☐ Yes    ☐No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #

AMOUNT

APPLYING IFP

JUDGE

MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | | |
|---|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☐ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☐ |

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     _____     _____
                                                        *Attorney-at-Law / Pro Se Plaintiff*                         *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: _____     _____     _____
                                                        *Attorney-at-Law / Pro Se Plaintiff*                         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUE A. CHRISTMAS                             :
                                             :
                                             :
                                             :      Civil Action No. 200302789
v.                                           :
                                             :
                                             :
                                             :
CITY OF                                      :
PHILADELPHIA DEPT.                           :
OF LICENSES &                                :
INSPECTIONS                                  :      JURY TRIAL DEMANDED
                                             :
                                             :
                                             :
                                             :
                                             :

### CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.                    (   )

(b)  Social Security -- Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                         (   )

(c)  Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   (   )

(d)  Asbestos -- Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                  (   )

(e)  Special Management -- Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                     (   )

(f)  Standard Management -- Cases that do not fall into any one of the other tracks.        ( **X** )

| 03/23/2021 | Meghan Claiborne | Defendants |
|---|---|---|
| Date | Meghan Claiborne**, Esq.** | Attorney for |

| **(215) 683-5447** | **(215) 683-5397** | **meghan.claiborne@phila.gov** |
|---|---|---|
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUE A. CHRISTMAS | : | |
| | : | |
| v. | : | Civil Action No. 200302789 |
| | : | |
| | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| DEPT. OF LICENSES & | : | |
| INSPECTIONS | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendant, City of Philadelphia Dept. of Licenses & Inspections (hereinafter "petitioner") through its counsel, Meghan Claiborne, Deputy City Solicitor, respectfully petitions for the removal of this action to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, defendant states the following:

1.    On November 20, 2020, plaintiff filed a Complaint in the Court of Common Pleas in Philadelphia, March Term, 2020; No. 02789.  (Exhibit A - Complaint).

2.  On November 20, 2020 said Complaint was served on Petitioner via electronic filing.

3. In her Complaint, Plaintiff asserts a single count for Negligence against petitioner.  *See* Complaint at Count I.

4.    On December 8, 2020, petitioner filed preliminary objections to Plaintiff's Complaint on the basis that petitioner is entitled to immunity as to Plaintiff's claim for negligence under the Political Subdivision Tort Claims Act (the "Act").  42 Pa.C.S. §§ 8541, *et seq.*  Exhibit B - Preliminary Objections).

5.   On December 29, 2020, Plaintiff filed an answer to petitioner's preliminary objections on the basis that Plaintiff "has made out a claim for an unconstitutional government taking without due process of law, an act outlawed by the 5th Amendment to the United States Constitution. Said made out claim is absolutely actionable under 42 U.S.C. § 1983 'Civil action for deprivation of rights.'" (Exhibit C - Answer to Preliminary Objections, at ¶¶ 9).

6.   While Plaintiff did not plead a 5th Amendment taking claim, on March 3, 2021 the Court denied the City's preliminary objections, thereby sanctioning Plaintiff's intention to move forward with a 5th Amendment taking claim under 42 U.S.C. § 1983. (Exhibit D - Order).

7.   In sum, while not expressly plead, Plaintiff has indicated an intention to proceed on a 5th amendment taking claim under 42 U.S.C. § 1983, and the Court has accepted Plaintiff's argument that this case involves a constitutional claim.

**Wherefore,** petitioners, City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of  Pennsylvania.

Respectfully submitted,

_Meghan E. Claiborne_____
**MEGHAN CLAIBORNE**
**Deputy City Solicitor**
**Attorney I.D. No. 315918**
1515 Arch Street, 14th
Floor Philadelphia, PA
19102 215-683-5447 Date:
3/24/2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUE A. CHRISTMAS | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 200302789 |
| CITY OF | : | |
| PHILADELPHIA DEPT. | : | |
| OF LICENSES & | : | |
| INSPECTIONS | : | |
| | : | |
| | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

TO:    Joseph L. DiTomo, Esquire
       Law Office of Joseph DiTomo, Jr., PC
       1026 Winter St., Suite 100
       Philadelphia, PA 19107


 PLEASE TAKE NOTICE THAT on March 24, 2020**,** defendant, City of Philadelphia,  filed,  in the office of the Clerk of the  United  States  District  Court  for the  Eastern  District of Pennsylvania a verified Notice of Removal.

       A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).


                                        *Meghan E. Claiborne*
                                         **MEGHAN CLAIBORNE**
                                         **Deputy City Solicitor**
                                         **Attorney I.D. No. 315918**
                                         City of Philadelphia Law
                                         Department 1515 Arch Street, 14th
                                         Floor Philadelphia, PA  19102
                                         215-683-5447

CITY OF PHILADELPHIA LAW DEPARTMENT          ATTORNEY FOR DEFENDANT
MEGHAN E. CLAIBORNE
DEPUTY CITY SOLICITOR
IDENTIFICATION NO. 3159181515
ARCH STREET, 14TH FLOOR
PHILADELPHIA, PA 19102
(215) 683-5447
(215) 683-5397 (fax)
meghan.claiborne@phila.gov

| | | |
|---|---|---|
| SUE A. CHRISTMAS | : | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS** |
| | : | |
| v. | : | |
| | : | **MARCH TERM 2020** |
| | : | |
| CITY OF PHILADELPHIA | : | **NO. 02789** |
| DEPT. OF LICENSES & | : | |
| INSPECTIONS | : | JURY TRIAL DEMANDED |
| | : | |

<u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

TO:    **PROTHONOTARY**

       **Court of Common Pleas of Philadelphia County**

Pursuant to 28 U.S.C. § 1446(d), Defendant, City of Philadelphia ("Removing Defendant"), by and through undersigned counsel, hereby gives notice that it has filed in the United States District court for the Eastern District of Pennsylvania the attached Notice of Removal (without exhibits) of the above-captioned action.

       Pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).

                                        Respectfully submitted,

Date:  March 24, 2021

                                        *Meghan E. Claiborne*
                                        _____
                                        Meghan Claiborne, Esquire
                                        Deputy City Solicitor

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUE A. CHRISTMAS | : | |
| v. | : | |
| CITY OF | : | |
| PHILADELPHIA DEPT. | : | Civil Action No. 200302789 |
| OF LICENSES & | : | |
| INSPECTIONS | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Meghan Claiborne, Deputy City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:     Joseph L. DiTomo, Esquire
          Law Office of Joseph diTomo, Jr., PC
          1026 Winter St., Suite 100
          Philadelphia, PA 19107

*Meghan E. Claiborne*_____
**MEGHAN CLAIBORNE**
**Deputy City Solicitor**
**Attorney ID No. 315918**
City of Philadelphia Law
Department 1515 Arch Street, 14th
Floor Philadelphia, PA  19102
215-683-5447
Date: March 24, 2021

# EXHIBIT A

**JOSEPH L. DI TOMO, JR., ESQUIRE**
1026 Winter Street – Suite 100
Philadelphia, PA 19107-1808
(215) 238-8090
Atty ID #0998

Attorney for Plaintiff

Filed and Attested by the
Office of Judicial Records
20 NOV 2020 10:35 am
A. SILIGRINI

| | | |
|---|---|---|
| SUE CHRISTMAS | : | |
| | : | COURT OF COMMON PLEAS |
| VS. | : | |
| | : | CIVIL DIVISION |
| CITY OF PHILADELPHIA | : | |
| | : | MARCH  TERM 2020 |
| | : | NO. 2789 |

## CIVIL ACTION COMPLAINT

### NEGLIGENCE

**NOTICE**

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
1101 MARKET STREET, 11TH FLOOR
PHILADELPHIA, PENNSYLVANIA 19107
TELEPHONE: (215) 238-1701**

**AVISO**

LE HAN DEMANDADO A USTEE EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN LAS PAGINAS SIGUIENTED, ESTED TIENE VIENTE (20) DIAS DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICACION.  HACE FALTA ASENTAR UNA COMPARENCIA ESCRITTA O EN PERSONA O CON UN ABOGADO Y ENTREGAR A LA CORTE EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTUNUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICASION. ADEMAS, LA CORTE PUEDE DECIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA.   USTED PUEDE PERDERDINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENE DE PAGAR TAL SERVICO VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINO CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 MARKET STREET, 11TH FLOOR
PHILADELPHIA, PENNSYLVANIA 19107
Telefono: (215) 238-1701**

**JOSEPH L. DI TOMO, JR. ESQ. PC**
1026 Winter Street - Suite 100
Philadelphia, PA  19107-1808
Tel. 215-238-8090
Fax 215-238-8885

_____

SUE A. CHRISTMAN                  : COURT OF COMMON PLEAS

      vs.                              : MARCH TERM 2020

CITY OF PHILADELPHIA              : NO. 02789

_____

## COMPLAINT
Negligence

    1.  Plaintiff herein is an individual residing at 250 S. Hirst Street, Philadelphia, PA

19139.

    2.  Defendant is the City of Philadelphia, a duly constituted municipality.

    3.  At all times material hereto, plaintiff was the owner of premises 200 N. Robinson

Street, Philadelphia, PA.

    4.  On April 19, 2018 defendant contracted to have the said premises completely demol-

ished due to an alleged imminently dangerous condition of the said premises.

    5.  No prior notices of violation or complaints were issued the Department of Licenses

and Inspections or received by plaintiff relative to the alleged imminently dangerous condition of

the said premises.

    6.  On or about April 23, 2018 defendant served plaintiff with a Notice of Violation and

Order Imminently Dangerous Building dated April 18, 2018, a true and correct copy of which is

attached hereto, made a part hereof and marked Exhibit P-1.

7. At the time of receipt of the said Notice on April 23, 2018, the plaintiff's property had been completely demolished.

8. Plaintiff did not receive timely notice of any violations to her said property to permit her to take appropriate action to permit her to correct same as necessary.

9. Defendant's said action in demolishing plaintiff's property were arbitrary, capricious and in violation of the plaintiff's due process rights.

10. Subsequent to the demolition, plaintiff served defendant with a bill in the amount of $17,448.20.

11. Thereafter, on June 19, 2018, plaintiff through her previous attorney, filed a Petition for Appeal to the Tax Review Board. A true and correct copy of said Petition is attached hereto, made a part hereof and marked Exhibit P-2.

12. On February 28, 2019, the Tax Review Board returned plaintiff's Petition for Appeal because it was not timely filed. Simultaneously, plaintiff's request to appeal nunc pro tunc was denied. A true and correct of the Board's letter to plaintiff is attached hereto, made a part hereof and marked Exhibit P-3

13. Inexplicably thereafter, a hearing on plaintiff's Petition was scheduled for June 3, 2019.

14. On April 29, 2019 Plaintiff requested a continuance of the said hearing scheduled for June 3, 2019 due to the unavailability of her previous attorney but same was denied. A true and correct copy of the said request is attached hereto, made a part hereof and marked Exhibit P-4.

15. Despite plaintiff's request for a continuance, plaintiff is informed, believes and therefore avers that the Tax Review Board held said hearing and denied plaintiff's Petition to Appeal.

16. Plaintiff has received billing for the said demolition in the sum of $17,448.20.

### NEGLIGENCE - PLAINTIFF VS. CITY OF PHILADELPHIA

17. The averment of paragraphs 1 through 16 are incorporated herein by reference thereto as though the same were here set forth at length.

18. At all times material hereto, the defendant was acting by and through its duly authorized agents, servants, workmen, contracts and/or employees including but not limited to its employees/inspectors from the Department of licensees and Inspections, who were acting at all times material hereto within the course and scope of their agency and/or employment and on behalf of said principal, master, and employer .

19. The negligence of the defendant consisted, inter alia, of acting in violation of the Philadelphia Administrative Code by;

    a. failing to provide timely and sufficient written notice that the defendant's property constituted an imminently dangerous structure;

    b. failing to provide timely and sufficient oral notice that the defendant's property constituted an imminently dangerous structure;

    c. Failing to provide plaintiff a timely opportunity to cure any defects in her property;

    d. Failing to specify the required repair necessary to correct defects in plaintiff's property;

    e. Failing to post notice of any alleged defects on the property;

20. Defendant was further negligent in denying plaintiff's request to allow the filing of the Petition to Appeal nunc pro tunc.

21.  As the direct, factual and proximate result of the negligence and willful acts of the defendant as aforesaid, plaintiff suffered damages and losses to repair, replace and.or refurbish her property at 200 N. Robinson Street.

22.  As the direct, factual and proximate result of the negligence and willful acts of the defendant as aforesaid, plaintiff's said property was taken from her in violation of her constitutional rights and without due process of law.

23.  The defendant's actions as aforesaid constitute an abuse of process, specifically the Tax Review Board's denial of plaintiff's Petition of Appeal.

WHEFORE, plaintiff requests judgment against the defendant in an amount not in excess of $50,000.00.

JOSEPH L. DI TOMO, JR.
Attorney for Plaintiff

## VERIFICATION

I, JOSEPH L. DI TOMO, JR. ESQ., attorney for plaintiff Sue Christmas, verify that, based upon information provided by plaintiff whose verification could not be timely obtained,  the statements made in the foregoing Complaint are true and correct and I make these statements subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.



**CITY OF PHILADELPHIA
DEPARTMENT OF LICENSES AND
INSPECTIONS**

**Municipal Services Building
1401 JFK Blvd., 11th Floor
Philadelphia, PA 19102
215-686-2480
CSU@phila.gov**

### FINAL NOTICE OF VIOLATION AND ORDER
### IMMINENTLY DANGEROUS BUILDING

CHRISTMAS SUE A
250 S HIRST ST
PHILADELPHIA PA 19139-3726

PROPERTY IN VIOLATION: 200 N ROBINSON ST

Case Number:629552

Date of Notice:04/18/18

Dear Sir/Madam,

This is to inform you that the Department of Licenses and Inspections inspected the subject premises on **04/18/18** and has declared it **IMMINENTLY DANGEROUS**, in whole or in part, pursuant to Section PM15-110.1 of the Philadelphia Property Maintenance Code. The results are included in the violation section below.

You are directed to obtain all necessary permits as required by the City and to make repairs or demolish the structure to remove the imminently dangerous condition. Failure to comply with this order forthwith shall result in the City taking action to demolish the structure and stucco remaining party walls exposed by the demolition as per Department policy. You, the owner, will be billed for all costs incurred by the City, including administrative fees.

This is your final notice, if you have any questions regarding this matter please contact: **INSPECTOR CARROLL** at **JOSEPH.CARROLL@phila.gov** or the district office noted above.

## VIOLATIONS:

EXTERIOR WALLS ARE NOT ANCHORED TO SUPPORTING AND/OR SUPPORTED ELEMENTS OR ARE NOT PLUMB AND FREE OF HOLES, CRACKS OR BREAKS AND LOOSE OR ROTTING MATERIALS, ARE NOT PROPERLY ANCHORED OR ARE NOT CAPABLE OF SUPPORTING ALL NOMINAL LOADS AND RESISTING ALL LOAD EFFECTS PM-304.1(7)
LOCATION: Rear and Side Bearing Wall
Large Tree

THE DEPARTMENT INSPECTED THE SUBJECT STRUCTURE AND DETERMINED IT IS IN IMMINENT DANGER OF COLLAPSE YOU MUST REPAIR OR DEMOLISH SAID STRUCTURE IMMEDIATELY. WHEN THERE IS IMMINENT DANGER OF FAILURE OR COLLAPSE OF A STRUCTURE OR ANY PART THEREOF WHICH ENDANGERS LIFE, OR WHEN ANY STRUCTURE OR PART OF A STRUCTURE HAS FALLEN AND LIFE IS ENDANGERED BY THE OCCUPATION OF THE STRUCTURE, THE CODE OFFICIAL IS AUTHORIZED AND EMPOWERED TO ORDER AND REQUIRE THE OCCUPANTS TO VACATE THE SAME FORTHWITH IN ACCORDANCE WITH THE CEASE OPERATIONS PROVISIONS SET FORTH IN THE ADMINISTRATIVE CODE. IT SHALL BE UNLAWFUL FOR ANY PERSON TO ENTER SUCH STRUCTURE EXCEPT FOR THE PURPOSE OF MAKING THE REQUIRED REPAIRS OR DEMOLISHING THE STRUCTURE PM-110
LOCATION: Entire Property

Case ID: 200302789

You are hereby ordered to obtain the services of a Pennsylvania Registered Professional Engineer to survey and report on the conditions listed below, send the report to the above listed district office. Repairs are to be made in accordance with the written recommendations of the engineer. [See A-304.1]
LOCATION: Entire Property

STRUCTURES OR COMPONENTS THEREOF THAT HAVE REACHED THEIR LIMIT STATE PM-304.1(3)
LOCATION: Side and Rear Wall

RIGHT TO APPEAL
You have the right to appeal these violations within five (5) days for Unsafe or Imminently Dangerous violations. Appeals must be submitted in writing on approved forms to the Boards Administration Unit 11th floor Municipal Services Building 1401 John F Kennedy Blvd Philadelphia PA 19102.The appeal form can be downloaded from the L&I website at www.phila.gov/li. If you have any questions call (215) 686-2427.

PENALTIES AND FEES
Fines shall be imposed from 04/18/18 and shall be assessed in the amount of $150 to $2000 per violation each and every day the violation remains uncorrected.

Your failure to correct the violations may result in the revocation or suspension of certain licenses and permits.

Your failure to correct the violations may also result in the City filing a legal action against you to obtain compliance, an injunction, and the imposition of fees and fines.

Case ID: 200302789

## RONALD J. PRESSLEY & ASSOCIATES, LLC
ATTORNEYS AT LAW
1430 WALNUT STREET
SUITE 200
PHILADELPHIA, PA 19102
Telephone (215) 629-3800
Telefax (215) 629-3804
email: rjp@rjpressley.com

June 19, 2018

CITY OF PHILADELPHIA
DEPARTMENT OF LICENSES & INSPECTIONS
Contractual Services Unit
Municipal Services Building
1401 JFK Boulevard, Room 1140
Philadelphia, PA 19102

TAX REVIEW BOARD
Land Title Building
100 South Broad Street, Room 400
Philadelphia, PA 19110

RE:   **Sue A. Christmas**
       **Bill # 02-629552**
       **Premises: 200 North Robinson Street**

Dear Sir or Madam:

Please be advised that the above referenced Sue Christmas has conferred with our office regarding the $17,448.20 bill issued by the Department of Licenses and Inspections for demolition work at her property at 200 North Robinson Street.  This bill for $17,448.20 is disputed and denied for the following reasons:

1.   The only notice L&I issued to Ms. Christmas announcing the alleged imminently dangerous condition at the subject premises was the Final Notice of Violation and Order, which notice was received by our client on the late afternoon of April 23, 2018.

2.   No prior notices or complaints were issued by L&I, and received by Ms. Christmas relative to the alleged imminently dangerous condition at the referenced premises;

3.   Approximately eighteen (18) hours following receipt of the Final Notice of Violation and Order, a demolition crew engaged by the L & I had already commenced demolishing the structure at 200 North Robinson Street;

P-2

Bill No. 02-629552
200 N. Robinson Street
Page 2


4.      The Department's actions in this matter were arbitrary and without regard
        to our client's due process rights to notice and an opportunity to be heard
        *prior* to this taking of her property.

As a result of the department's actions our client has sustained damages for which she
should be made whole.  Kindly allow this correspondence to serve as her appeal of this
bill to the Tax Review Board, as well as her standing objection to any lien entered as a
result thereof.

                                        Very truly yours,

                                        RONALD J. PRESSLEY

RJP: abm
Enclosures
cc: Sue A.. Christmas

                    RECEIVED
                    OFFICE OF ADMIN. REVIEW
                    2018 JUN 25  AM 9: 28
                    TAX REVIEW BOARD

*Via Certified Mail Return Receipt Requested Number 7015 1730 0002 2373 6672*

Case ID: 200302789



# CITY OF PHILADELPHIA

**OFFICE OF ADMINISTRATIVE REVIEW**
100 S. Broad Street - Suite 400
Land Title Building
Philadelphia, Pennsylvania 19110-1099
Phone (215) 686-5216      FAX (215) 686-5228

SUE A. CHRISTMAS
250 SOUTH HIRST ST.
PHILADELPHIA, PA 19139

RE:                CHRISTMAS, SUE A.
DOCKET#:           26LIMERZZ8925
DEAPRTMENT:        LICENSF & INSPECTON   ACCOUNT# 589328
PROPERTY:          250 S. HIRST ST.

Dear Sir/Madam,

The petition for review that you filed with the Office of Administrative Review for
consideration by the Tax Review Board is being returned because it was not filed timely
under the requirements of The Philadelphia Code.

The Tax Review Board considered your request for a Nunc Pro Tunc appeal to allow
your petition to be filed beyond the 60 days from the date of the Revenue Department bill
as is required in Chapter 19-1702 of The Philadelphia Code.

The Tax Review Board has **DENIED** your request for Nunc Pro Tunc consideration.

You may contact the Department of Revenue at 215-686-6600 to discuss payment terms.

Thank you,
Tax Review Board
2/28/2019

cc: File

P-3

Case ID: 200302789

Sue Christmas
250 South Hirst Street
Philadelphia, PA 19139

29 April, 2019

Office of Administrative Review
Tax Review Board
100 South Broad Street
Philadelphia, PA 19110-1099

Re: Continuance of Hearing, Docket # 26DEMERZZ9327,  Account # 02-629552

Dear Sir/Madam:

I will need a continuance of the Hearing currently scheduled for 3 June, 2019 at 1:00 PM. My attorney will be unavailable.  Please see copy of his correspondence to me.  Thank you for your consideration.

Respectfully,

Sue Christmas

P-4

Case ID: 200302789

# EXHIBIT B

| | | | |
|---|---|---|---|
| SUE A. CHRISTMAS | | : | |
| | Plaintiff, | : | PHILADELPHIA COUNTY |
| | | : | COURT OF COMMON PLEAS |
| | | : | |
| v. | | : | |
| | | : | MARCH TERM 2020 |
| CITY OF PHILADELPHIA | | : | |
| | Defendant. | : | |
| | | : | NO.    02789 |

## **ORDER**

      AND NOW, this _____ day of _____, 2020, upon consideration of Defendant, the City of Philadelphia's, Preliminary Objections, and any response thereto, it is hereby ORDERED that Defendant's Motion is GRANTED. Plaintiff's complaint is dismissed with prejudice.

_____

                                          J.

**To the herein:**
**You are hereby notified to plead**
**To the enclosed Preliminary Objections**
**within twenty (20) days of service**
**Thereof or a default judgment**
**May be entered against you.**


 _/s/ *Meghan E. Claiborne*_____
**Meghan E. Claiborne, Esq.**
**Attorney for Defendants**

**CITY OF PHILADELPHIA, LAW DEPARTMENT**
**BY: MEGHAN E. CLAIBORNE**
**ATTORNEY ID: 315918**
**1515 ARCH STREET, 14TH FLOOR**
**PHILADELPHIA, PA 19102**
**215-683-5447**

_____

| | | | |
|---|---|---|---|
| SUE A. CHRISTMAS | | : | |
| | Plaintiff, | : | PHILADELPHIA COUNTY |
| | | : | COURT OF COMMON PLEAS |
| | | : | |
| v. | | : | |
| | | : | MARCH TERM 2020 |
| CITY OF PHILADELPHIA | | : | |
| | Defendant. | : | |
| | | : | NO.    02789 |

_____

## DEFENDANT'S PRELIMINARY OBJECTIONS

Defendant, the City of Philadelphia (the "City"), by and through its undersigned counsel,

hereby files this Preliminary Objection pursuant to Pennsylvania Rule of Civil Procedure 1028:

1.      Plaintiff, Sue A. Christmas ("Plaintiff"), initiated the instant lawsuit against the

City on April 1, 2020 via writ of summons.

2.      Plaintiff filed the complaint on November 20, 2020. *See* Complaint ("Cmplt."),

attached as Exhibit A.

3.      Plaintiff is the owner of a property at 200 N. Robinson Street, Philadelphia, PA (the "Property"). Cmplt. at ¶3.

4.      Plaintiff alleges that on April 19, 2018, the City contracted to have the building on the Property demolished due to an alleged imminently dangerous condition of the Property. *Id.* at ¶4.

5.      Plaintiff further alleges that the City failed to provide prior notice of violation before demolishing the building. *Id.* at ¶5.

6.      Notably, Plaintiff fails to deny the City's categorization of the Property as imminently dangerous immediately prior to the demolition.

7.      Regardless, the City is entitled to immunity as to Plaintiff's claim for negligence pursuant to the Tort Claims Act.

## THE CITY IS IMMUNE FROM PLAINTIFF'S CLAIM

8.      The City objects in the nature of a demurrer as to Plaintiff's claim for negligence.

9.      This claim for vicarious liability fails because the City is absolutely immune from liability pursuant to the Political Subdivision Tort Claims Act (the "Act"). 42 Pa.C.S. §§ 8541 *et seq*.

10.     "Governmental immunity is a defense properly raised by preliminary objections." *Jones v. City of Philadelphia*, 893 A.2d 837, 843 (Pa. Cmwlth. 2006); *Chester Upland School District v. Yesavage*, 653 A.2d 1319, 1327 (Pa. Cmwlth. 1995).

11.     The Act immunizes the City of Philadelphia from most state law claims.

12.     Section 8541 states in pertinent part: "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person

or property caused by any act of the local agency or any employee thereof or any other persons." 42 Pa.C.S. § 8541.

13.     To proceed, a plaintiff must meet two threshold requirements. First, the plaintiff must show that a common law cause of action exists and allows for damages. *Phillips v. City of Philadelphia, et al.*, 610 A.2d 509, 511 (Pa. Cmwlth. 1992).

14.     Second, the plaintiff must establish that his claim fits into one of eight exceptions that relate to City liability for negligence. *Id.* at 512.

15.     The negligence-related exceptions to this general grant of immunity are as follows: 1) vehicle liability; 2) the care, custody and control of personal property; 3) the care, custody and control of real property; 4) trees; traffic controls and street lighting; 5) utility service facilities; 6) streets; 7) sidewalks; 8) the care, custody and control of animals; and 9) sexual abuse caused by the acts or omissions of a local agency. 42 Pa.C.S. § 8542(b); *see also Cooper v. City of Chester*, 810 F. Supp. 618 (E.D. Pa. 1992).

16.     The exceptions to governmental immunity must be strictly construed because the purpose of the Act is to insulate the local agency from liability. *See Finn v. City of Philadelphia*, 664 A.2d 1342, 1343 (Pa. 1995).  In general, immunity is the rule and liability is the exception.

17.     It is clear that Plaintiffs' negligence claim does not constitute an exception to the Act's general grant of immunity to the City of Philadelphia from liability for negligence. *See id.* § 8542(b).

18.     Therefore, under the plain language of the Act, the City is immune from Plaintiff's suit for negligent demolition of the Property.  *See* 42 Pa.C.S. § 8541; *Guy v. Bristol Borough*, No. 16-1557, 2018 WL 3141429, at *8 (E.D. Pa. June 27, 2018) (granting the motion for summary judgment because "the [Act]'s immunity applies and bars Plaintiff's negligent demolition claim").

**WHEREFORE**, Defendant, the City of Philadelphia, respectfully request that this Court grant their Preliminary Objections and dismiss Plaintiff's Complaint with prejudice.

.

Respectfully submitted,

Date:   December 8, 2020                    /s/ *Meghan E. Claiborne*_____
                                           Meghan E. Claiborne, Esquire
                                           Deputy City Solicitor

CITY OF PHILADELPHIA LAW DEPARTMENT          ATTORNEY FOR DEFENDANTS
**MEGHAN E. CLAIBORNE**
DEPUTY CITY SOLICITOR
IDENTIFICATION NO. 315918
1515 ARCH STREET, 14TH FLOOR
PHILADELPHIA, PA 19102
(215) 683-5447
(215) 683-5397 (fax)
meghan.claiborne@phila.gov

---

| | | | |
|---|---|---|---|
| SUE A. CHRISTMAS | | : | |
| | Plaintiff, | : | PHILADELPHIA COUNTY |
| | | : | COURT OF COMMON PLEAS |
| | | : | |
| v. | | : | |
| | | : | MARCH TERM 2020 |
| CITY OF PHILADELPHIA | | : | |
| | Defendant. | : | |
| | | : | |
| | | : | NO.    02789 |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PRELIMINARY OBJECTIONS

## I.    MATTER BEFORE THE COURT

Defendant, the City of Philadelphia's (the "City"), by and through its undersigned counsel, hereby files the instant Memorandum of Law in Support of Preliminary Objections. Plaintiff, Sue A. Christmas ("Plaintiff"), has asserted a single claim for negligence against the City stemming from the City's demolition of Plaintiff's property.

The City is immune from Plaintiff's negligence claim pursuant to the Political Subdivision Tort Claims Act ("Tort Claims Act"), 42 Pa. C.S. §§ 8541 *et seq.*, the City respectfully requests that this Court grant the City's Preliminary Objections pursuant to Pennsylvania Rule of Civil Procedure 1028 and dismiss the Complaint with prejudice.

## II.  STATEMENT OF QUESTIONS INVOLVED

**Question:** **Should Plaintiff's Claim for Negligence Be Dismissed With Prejudice Because the City Has Immunity as to Plaintiff's Negligence Claim Under the Tort Claims Act?**

Suggested Answer:  **Yes.**

## III.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Sue A. Christmas ("Plaintiff"), initiated the instant lawsuit against the City on April 1, 2020 via writ of summons. Plaintiff filed the complaint on November 20, 2020. *See* Complaint ("Cmplt."), attached as Exhibit A. Plaintiff is the owner of a property at 200 N. Robinson Street, Philadelphia, PA (the "Property"). Cmplt. at ¶3. Plaintiff alleges that on April 19, 2018, the City contracted to have the building on the Property demolished due to an alleged imminently dangerous condition of the Property. *Id.* at ¶4.

Plaintiff further alleges that the City failed to provide prior notice of violation before demolishing the building. *Id.* at ¶5. Notably, Plaintiff fails to deny the City's categorization of the Property as imminently dangerous immediately prior to the demolition. Regardless, the City is entitled to immunity as to Plaintiff's claim for negligence pursuant to the Tort Claims Act.

## IV.  ARGUMENT

The City objects in the nature of a demurer as to Plaintiff's claim for negligence. This claim for vicarious liability fails because the City is absolutely immune from liability pursuant to the Political Subdivision Tort Claims Act (the "Act"). 42 Pa.C.S. §§ 8541 *et seq.*

"Governmental immunity is a defense properly raised by preliminary objections." *Jones v. City of Philadelphia*, 893 A.2d 837, 843 (Pa. Cmwlth. 2006); *Chester Upland School District v. Yesavage*, 653 A.2d 1319, 1327 (Pa. Cmwlth. 1995). The Act immunizes the City of Philadelphia

from most state law claims. Section 8541 states in pertinent part: "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or any employee thereof or any other persons." 42 Pa.C.S. § 8541. To proceed, a plaintiff must meet two threshold requirements. First, the plaintiff must show that a common law cause of action exists and allows for damages. *Phillips v. City of Philadelphia, et al.*, 610 A.2d 509, 511 (Pa. Cmwlth. 1992). Second, the plaintiff must establish that his claim fits into one of eight exceptions that relate to City liability for negligence. *Id.* at 512.

The negligence-related exceptions to this general grant of immunity are as follows: 1) vehicle liability; 2) the care, custody and control of personal property; 3) the care, custody and control of real property; 4) trees; traffic controls and street lighting; 5) utility service facilities; 6) streets; 7) sidewalks; 8) the care, custody and control of animals; and 9) sexual abuse caused by the acts or omissions of a local agency. 42 Pa.C.S. § 8542(b); *see also Cooper v. City of Chester*, 810 F. Supp. 618 (E.D. Pa. 1992). The exceptions to governmental immunity must be strictly construed because the purpose of the Act is to insulate the local agency from liability. *See Finn v. City of Philadelphia*, 664 A.2d 1342, 1343 (Pa. 1995). In general, immunity is the rule and liability is the exception.

It is clear that Plaintiffs' negligence claim does not constitute an exception to the Act's general grant of immunity to the City of Philadelphia from liability for negligence. *See id.* § 8542(b). Therefore, under the plain language of the Act, the City is immune from Plaintiff's suit for negligent demolition of the Property. *See* 42 Pa.C.S. § 8541; *Guy v. Bristol Borough*, No. 16 1557, 2018 WL 3141429, at *8 (E.D. Pa. June 27, 2018) (granting the motion for summary judgment because "the [Act]'s immunity applies and bars Plaintiff's negligent demolition claim").

V.     **CONCLUSION**

Based on the foregoing, Defendant, the City of Philadelphia, respectfully requests that this

Court grant their Preliminary Objections and dismiss Plaintiff's Complaint with prejudice.


Respectfully submitted,

Date:   December 8, 2020                    /s/ *Meghan E. Claiborne*_____
                                            Meghan E. Claiborne, Esquire
                                            Deputy City Solicitor

CITY OF PHILADELPHIA LAW DEPARTMENT   ATTORNEY FOR DEFENDANTS
**MEGHAN E. CLAIBORNE**
DEPUTY CITY SOLICITOR
IDENTIFICATION NO. 315918
1515 ARCH STREET, 14TH FLOOR
PHILADELPHIA, PA 19102
(215) 683-5447
(215) 683-5397 (fax)
meghan.claiborne@phila.gov

---

| | | | |
|---|---|---|---|
| SUE A. CHRISTMAS | | : | |
| | Plaintiff, | : | PHILADELPHIA COUNTY |
| | | : | COURT OF COMMON PLEAS |
| | | : | |
| v. | | : | |
| | | : | MARCH TERM 2020 |
| CITY OF PHILADELPHIA | | : | |
| | Defendant. | : | |
| | | : | NO.    02789 |

---

## CERTIFICATE OF SERVICE

  I hereby certify that on the date below, the foregoing Preliminary Objections of Defendant, the City of Philadelphia, has been electronically filed and is available for viewing and downloading.


Date:  December 8, 2020     /s/ *Meghan E. Claiborne*_____
             Meghan E. Claiborne, Esquire
             Deputy City Solicitor
             Pa. Attorney ID No. 315918
             City of Philadelphia Law Department
             1515 Arch Street, 14th Floor
             Philadelphia, PA 19102
             (215) 683-5447
             meghan.claiborne@phila.gov

# EXHIBIT C

**FILED**
29 DEC 2020 09:41 pm
Civil Administration
E. MEENAN

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CIVIL ACTION

|  |  |
|---|---|
| SUE A. CHRISTMAS | )( No. 200302789 |
| v. | )( |
| CITY OF PHILADELPHIA | )( |

### ORDER

**AND NOW,** This _____ day of _____, 2021 upon consideration of the

Defendant's Preliminary Objections to the Plaintiff's Complaint, and any response thereto, it is hereby

**ORDERED** and and **DECREED** that the Defendant's Objections to the Plaintiff's Complaint are

hereby **OVERRULED**.

BY THE COURT:

J._____

Case ID: 200302789
Control No.: 20120914

Joseph L. DiTomo, Jr.                                    ID#9974
Law Office of Joseph DiTomo Jr., P.C.                    (215) 238-8090
1026 Winter St. Suite 100
Philadelphia, PA 19107

---

### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### CIVIL ACTION

---

|                              |     |                      |
| ---------------------------- | --- | -------------------- |
|                              | )(  |                      |
|                              | )(  | No.   200302789      |
| SUE A. CHRISTMAS             | )(  |                      |
|                              | )(  |                      |
| v.                           | )(  |                      |
|                              | )(  |                      |
| CITY OF PHILADELPHIA         | )(  |                      |
|                              | )(  |                      |
|                              | )(  |                      |

---

### PLAINTIFF'S REPLY TO DEFENDANT'S PRELIMINARY OBJECTIONS

The Plaintiff, Sue A. Christmas, by and through counsel, hereby avers the following in reply to the Defendant, City's, Preliminary Objections to her Complaint and asks this Honorable Court to Overrule said objections for the reasons stated herein:

1. Admitted. In addition to this admission the Plaintiff hereby incorporates by reference all paragraphs (1 – 23) from her Complaint as though fully stated herein.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted in part; Denied in part. Notably, the Plaintiff was denied the opportunity to inspect the supposedly imminently dangerous condition by Defendant's arbitrary and capricious demolition of her building without notice.

Case ID: 200302789
Control No.: 20120914

7.  This averment is a statement of law to which no reply is necessary, and the averment is therefore necessarily Denied.

8.  This averment is a statement of law to which no reply is necessary, and the averment is therefore necessarily Denied.

9.  This averment is a statement of law to which no reply is necessary, and the averment is therefore necessarily Denied. It is Denied that this is a claim for vicarious liability; it is a claim for liability and damages. Moreover, The Plaintiff **has** made out a claim for an unconstitutional governmental taking without due process of law, an act outlawed by the 5th Amendment to the United States Constitution. Said made out claim is absolutely actionable under 42 U.S.C. § 1983 "Civil action for deprivation of rights." The Defendant's cited law does not take precedence over the Constitution of the United States of America. No law does. The claim is actionable under 42 U.S.C. § 1983. *See, Guy v. Bristol Borough,* No. 16-1557, 2018 WL 3141429 (E.D. Pa. June 27, 2018) (allowing a due process claim to go to trial in a no notice demolition case.). Therefore the request of *demurrer* is improper.

10. This averment is a statement of law to which no reply is necessary, and the averment is therefore necessarily Denied.

11. This averment is a statement of law to which no reply is necessary, and the averment is therefore necessarily Denied.

12. This averment is a statement of law to which no reply is necessary, and the averment is therefore necessarily Denied. Moreover, the Political Subdivision Tort Claims Act does not supersede the United States Constitution, and therefore it cannot grant the Defendant permission to violate the Plaintiff's Constitutionally guaranteed rights, or grant the Defendant immunity from doing so, because the United States Constitution is the supreme law of the land. The Plaintiff has made out the proper elements for a violation of her 5th Amendment rights; 1) a

Case ID: 200302789
Control No.: 20120914

taking of property, and 2) without due process. *See,* paragraph 9, above.

13. This averment is a statement of law to which no reply is necessary, and the averment is therefore necessarily Denied.

14. This averment is a statement of law to which no reply is necessary, and the averment is therefore necessarily Denied.

15. This averment is a statement of law to which no reply is necessary, and the averment is therefore necessarily Denied.

16. This averment is a statement of law to which no reply is necessary, and the averment is therefore necessarily Denied.

17. This averment is a statement of law to which no reply is necessary, and the averment is therefore necessarily Denied. Moreover, The Political Subdivision Tort Claims Act, cannot bar a claim for violating the Plaintiff's rights under the United States Constitution, because the Constitution is the supreme law of the land. Although the Plaintiff has called the Defendant's actions negligent, the Plaintiff has made out the necessary elements of an Unconstitutional Taking under the 5th Amendment; as well as, a violation of her right to due process. Therefore these claims are not properly governed by the negligence section of the Political Subdivision Tort Claims Act, because they are in the nature of a civil rights violation that is instead governed by the United States Constitution.

18. This averment is a statement of law to which no reply is necessary, and the averment is therefore necessarily Denied. Moreover, in *Guy v. Bristol Borough,* the Court allowed the Plaintiff to proceed to trial on the issue of whether the Plaintiff's right to procedural due process was violated. Plaintiff asserts that Guy supports Plaintiff's case in this matter.

**WHEREFOR,** Plaintiff, having laid out a true and proper cause of action for violation of her procedural due process rights, hereby asserts that a *demurrer* is improper under these circumstances, and asks this Honorable Court to **Overrule** the Preliminary Objections of the Defendant, City of Philadelphia.

Respectfully Submitted,

Joseph L. DiTomo, Jr.
Attorney for the Plaintiff

Joseph L. DiTomo, Jr.                                                    ID#9974
Law Office of Joseph DiTomo Jr., P.C.                          (215) 238-8090
1026 Winter St. Suite 100
Philadelphia, PA 19107

### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### -- CIVIL ACTION -

|  |  |
|---|---|
| MIGALI INDUSTRIES, INC. | )(<br>)(  No.  200802104<br>)(<br>)( |
| v. | )(<br>)( |
| PRESTIGE REFRIGERATION, INC. | )(<br>)( |

### CERTIFICATION OF SERVICE

I, Joseph L. DiTomo, Jr., attorney for the Plaintiff, so hereby certify pursuant to the penalties of 18 Pa.C.S.A.§ 4904 relating to unsworn falsifications to authorities that a true and correct copy of the attached Reply To Defendant's Preliminary Objections was served upon the Plaintiff by first class mail, postage prepaid, and/or by email if agreed upon by the parties on the date indicated below at the address indicated below.

City of Philadelphia Law Department
ATTN: Meghan E. Claiborne
1515 Arch St., 14th Floor
Philadelphia, PA 19102

/s/{ _____          Date: 12/29/20

Case ID: 200302789
Control No.: 20120914

Joseph L. DiTomo, Jr.                                                      ID#9974
Law Office of Joseph DiTomo Jr., P.C.                              (215) 238-8090
1026 Winter St. Suite 100
Philadelphia, PA 19107

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**– CIVIL ACTION -**

|                                    |     |                      |
|------------------------------------|-----|----------------------|
|                                    | )(  |                      |
|                                    | )(  | No.   200802104      |
| MIGALI INDUSTRIES, INC.            | )(  |                      |
|                                    | )(  |                      |
| v.                                 | )(  |                      |
|                                    | )(  |                      |
| PRESTIGE REFRIGERATION, INC.       | )(  |                      |
|                                    | )(  |                      |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S**

**PRELIMINARY OBJECTIONS**

**I.        Facts And Argument Part I.**

The Plaintiff hereby incorporates by reference the paragraphs 1 – 18 of her attached Plaintiff's

Reply To Defendant's Preliminary Objections as well her Complaint

**Argumemnt Part II:**

**Preliminary Objections in Demurrer Are Improper, Because The Plaintiff Has Made Out**

**All The Necessary Elements Of A Proper Case For A Violation Of He Procedural Due Process**

**Rights Under 42 U.S.C. § 1983.**

The Defendant's Preliminary Objections based on *demurrer* are improper and should be

**Denied.** A Preliminary Objection for *demurrer* is a request to ask the Court to Rule that the Plaintiff has

not made a request for damages which the Court has power to relieve. In Plaintiff's Complaint it was

Case ID: 200302789
Control No.: 20120914

explained why she has suffered damages under a claim for relief which the law and Courts support, and can grant relief to the Plaintiff. We proceed under the following:

> *U.S. Const. 5th Amd.,* [stated in full]:
>
> "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

Out of necessity and zealousness the Plaintiff now reiterates that all the paragraphs of her Complaint were incorporated into the preceding Reply to Defendant's Preliminary Objections. The Plaintiff has fairly made a claim for a violation of her procedural due process rights. The U.S. Supreme Court case of *Goldberg v. Kelly,* held that procedural due process requires reasonable notice and the opportunity to be heard, and both must be meaningful. 397 U.S. 254 (1970).

Plaintiff has alleged in her Complaint that her procedural due process rights were violated by alleging; 1) that her property was taken from her, by stating it was demolished and presumably taken away to a dump and, 2) that she received notice of the demolition <u>after</u> it occurred. Such alleged course of events fairly make out a cause of action under the *Goldberg,* standard, and procedural due process rights violations are permissible actions under 42 U.S.C. § 1983 "Civil action for deprivation of rights," hereby incorporated by reference as though fully stated herein.

Perhaps most damning to Defendant's own argument in *demurrer* is the case Defendant cited in ¶ 18 of their Preliminary Objections.  In *Guy v. Bristol Borough,* No. 16-1557, 2018 WL 3141429, (E.D. Pa. June 27, 2018), which the Defendant cited with the editorial "(granting the motion for summary judgment because "the [Act]'s immunity applies and bars Plaintiff's negligent demolition claim")." What in actuality happened was the Eastern District Court of Pennsylvania allowed that case (*Guy*) to to go to trial based on a violation of the Plaintiff's right to procedural due process; in a case

Case ID: 200302789
Control No.: 20120914

much like this one, a case of a no notice demolition.

It is immaterial in an objection based on *demurrer* that Plaintiff's cause of action was styled as a cause of action in negligence; because Plaintiff made out and swore to all the necessary elements of an action for violation of 5th Amendment procedural due process rights violations, pursuant to 42 U.S.C. § 1983 under the *Goldberg,* standard, and *Guy.* Therefore *demurrer* is improper, because the Plaintiff has alleged all the proper elements necessary to proceed against the Defendant under the 5th Amd. U.S. Const.; 42 U.S.C. § 1983, and the *Goldberg,* standard with the Eastern District of Pennsylvania in *Guy* in support.

## CONCLUSION

In Conclusion, Plaintiff, Sue A. Christmas, now asks this Honorable Court to rule that she has stated a cause of action for which the Court may grant relief under 42 U.S.C § 1983 and *Goldbeg,* and *Guy;* therefore, she has overcome the Preliminary Objections of the Defendant. We now ask thix Honotable Court to Overrule the Defendant's Preliminary Objections.

Case ID: 200302789
Control No.: 20120914

# EXHIBIT D

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL SECTION

| | | |
|---|---|---|
| SUE CHRISTMAS | : | |
| | : | |
| **Plaintiff,** | : | **MARCH TERM, 2020** |
| | : | |
| **VS.** | : | **No. 02789** |
| | : | |
| CITY OF PHILADELPHIA | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## ORDER

**AND NOW**, this 3rd day of March, 2021, upon consideration of the Defendant, City of Philadelphia's Preliminary Objections to the Plaintiff, Sue Christmas' Complaint, and the Plaintiff's response thereto, it is hereby **ORDERED** and **DECREED** that the Defendant's motion is **OVERRULED.**

The Defendant shall file an Answer to the Complaint within twenty days of the date of this Order.

BY THE COURT:

DATE: 3/3/2021

HONORABLE GLYNNIS D. HILL

Christmas Vs City Of Ph-ORDER

20030278900024

Case ID: 200302789
Control No.: 20120914